UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 21-cv-7324-CBM-(MARx) | Date | October 19, 2021 |
| Title | Sharon M. Parson (Crusoe) v. Named, Unamed and Unknown | | |

Present: The Honorable   CONSUELO B. MARSHALL, UNITED STATES DISTRICT JUDGE

| YOLANDA SKIPPER | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| NONE PRESENT | NONE PRESENT |

**Proceedings:**     **IN CHAMBERS- ORDER TO SHOW CAUSE RE: STANDING AND STATE LAW CLAIMS**

Pro se Plaintiff Sharon M. Parson filed the Amended Complaint on August October 8, 2021 asserting the following causes of action against "Named, Unamed [sic] and Unknown" defendants: (1) Ecoterrorism under 18 Pa. Stat. and Cons. Stat. Ann. § 3311; (2) Agroterrorism under Mo. Ann. Stat. § 574.130; (3) "Street Terrorism" under Cal. Penal Code § 186.22(a); (4) "Tortious Interference With Prospective Economic Advantage"; (5) "Tortious Interference with Potential Economic Relationship"; (6) Unfair Competition under Cal. Bus. Prof. Code § 17200; and (7) Unfair Competition under 15 U.S.C. § 45. The Amended Complaint also references a writ of mandate and "Ministerial Duty" under Cal. Civ. Proc. Code § 1085(a).

A private citizen lacks standing to assert a claim under Cal. Penal Code § 186.22(a). *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619, (1973) (holding a district court was correct in dismissing a complaint for lack of standing because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

Moreover, the Amended Complaint does not allege any facts regarding jurisdiction. This Court must have subject-matter jurisdiction over this action based on federal question (28 U.S.C. § 1331) or diversity jurisdiction (28 U.S.C. § 1332). 28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Diversity jurisdiction "requires 'complete diversity' of citizenship, meaning that 'the citizenship of each plaintiff is diverse from the citizenship of each defendant.'" *Demarest v. HSBC Bank USA, N.A.*, 920 F.3d 1223, 1226 (9th Cir. 2019) (quoting *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996)). Furthermore, the district court may decline to exercise supplemental jurisdiction over state law claims where the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367.

Here, the only federal claim alleged in the Amended Complaint is based on alleged violation of 15 U.S.C. § 45. However, there is no private right of action under 15 U.S.C. § 45. *See Ceballos v. GMAC Mortg., LLC*, No.

CV 10-3990-AHM-JEM 2010 WL 3035756, at *1 (C.D. Cal. August 2, 2010) (there is no private right of action under 15 U.S.C. § 45); *Phillips v. Deutsche Bank Nat. Tr. Co.*, No. CV 10-5883-AHM-E, 2010 WL 5246032, at *1 (C.D. Cal. Dec. 16, 2010) (same); *Crimson v. Rheem Mfg. Co.*, No. CV 1307011-BRO-MAN, 2013 WL 12142641, at *1 (C.D. Cal. Oct. 22, 2013) (dismissing the complaint which alleged a violation of 15 U.S.C. § 45 because the plaintiff was "not the Federal Trade Commission, nor [was] he associated with it"). Furthermore, the Amended Complaint fails to name any defendants or allege facts demonstrating complete diversity of citizenship. 28 U.S.C. § 1332.

Accordingly, Plaintiff is **ORDERED TO SHOW CAUSE**, in writing, **no later than November 5, 2021**, why Plaintiff's claim for "Street Terrorism" under Cal. Penal Code § 18622(a) and Unfair Competition claim under 15 U.S.C. § 45 should not be dismissed for lack of standing, why the Court should not decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

**IT IS SO ORDERED.**